JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 17 1987

PATRICIA D. H......
CLERK OF THE......

DOCKET NO. 723

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE THE GOODYEAR TIRE & RUBBER COMPANY RESTRUCTURING LITIGATION

TRANSFER ORDER*

This litigation presently consists of six actions pending in two federal districts: three actions each in the Southern District of New York and the Northern District of Ohio. Before the Panel is a motion, by defendant The Goodyear Tire & Rubber Company (Goodyear) and thirteen individual defendants, to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings in the Northern District of Ohio.1/ Two other defendants support the motion for centralization in the Northern District of Ohio. Plaintiff in one New York action (Blau) and plaintiffs in the three Ohio actions (as well as plaintiffs in the Ohio state court actions) support centralization but favor the Southern District of New York as the transferee forum. Plaintiffs in the other two New York actions (Metropolitan and Smith Barney) oppose centralization.

On the basis of the papers filed and the hearing held, the Panel finds that transfer of Blau to the Northern District of Ohio, for coordinated or consolidated pretrial proceedings with the three actions pending in that district, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These four actions share numerous factual questions concerning alleged breaches of fiduciary duty by officers and directors of Goodyear and by Sir Oliver Goldsmith (Goldsmith), in connection with Goodyear's adoption of a restructuring program, and particularly an alleged greenmail payment by Goodyear to entities controlled by Goldsmith. Centralization of these four actions under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\*   Judge Louis H. Pollak took no part in the decision of this matter.

1/   In addition to the six actions included in the Section 1407 motion, the Panel has been advised of two related actions that were recently commenced in the Southern District of New York. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

Five other related actions are pending in Ohio state court in Akron, within the Northern District of Ohio.

On the basis of the record before us, we are not persuaded that Metropolitan and Smith Barney should be included in centralized pretrial proceedings under Section 1407. Metropolitan and Smith Barney clearly arise from the same set of factual circumstances as the other four actions included in the Section 1407 motion. The claims in Metropolitan and Smith Barney, however, focus on a limited number of alleged misrepresentations by Goodyear, Goldsmith and their representatives; by contrast, the claims in the other four actions focus on the broader context of alleged breaches of fiduciary duty by officers and directors of Goodyear and by Goldsmith. In light of this difference in scope of the two groups of actions, we conclude that transfer of Metropolitan and Smith Barney to the Northern District of Ohio would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

The Northern District of Ohio is the preferable transferee district under the circumstances of this particular litigation. We note that Goodyear, the principal defendant, is headquartered in that district, and therefore many relevant witnesses and documents are likely to be found there. In addition, centralization in the Ohio forum will facilitate coordination between the federal multidistrict proceedings and the state court actions already pending in Ohio.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the actions entitled Metropolitan Securities v. Goodyear Tire & Rubber Co., et al., S.D. New York, C.A. No. 86-CIV-9840; and Smith Barney, Harris Upham & Co., Inc. v. The Goodyear Tire & Rubber Co., et al., S.D. New York, C.A. No. 86-CIV-9357, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of New York be, and the same hereby is, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Sam H. Bell for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-723 -- In re The Goodyear Tire & Rubber Company Restructuring Litigation</u>

<u>Southern District of New York</u>

<u>Isadore Blau v. Robert E. Mercer, et al.</u>, C.A. No. 86-CIV-9239

<u>Northern District of Ohio</u>

<u>Robert Cottle, etc. v. Goodyear Tire & Rubber Co., et al.</u>, C.A. No. C86-4824A

<u>Richard Appleby, etc. v. Goodyear Tire & Rubber Co., et al.</u>, C.A. No. C86-5025A

<u>Minnie Winkler v. Robert E. Mercer, et al.</u>, C.A. No. C86-5008A